Prob 12A (10/16)
VAE (5/17)

Case: 1:18-mj-00097
Assigned To : Magistrate Judge G. Michael Harvey
Assign. Date: 8/20/2018
Description: Arrest-Rule (5)

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Linda Cox                                    Docket No. 1:13CR00124-001

### Petition on Supervised Release

COMES NOW Duane Gilliam, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Linda Cox, who was placed on supervision by the Honorable Gerald Bruce Lee, United States District Judge sitting in the Court at Alexandria, Virginia, on the 11th day of June 2013, who fixed the period of supervision at 4 years, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

See page 2

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a warrant to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

**ORDER OF COURT**

Considered and ordered this 1st day of May, 2018, and ordered filed and made a part of the records in the above case.

/s/
T. S. Ellis, III
United States District Judge

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on:

_Duane Gilliam_  Duane A. Gilliam
                2018.05.01 15:30:11 -04'00'

Duane A Gilliam
Senior U.S. Probation Officer
703-366-2123
Place Manassas, Virginia

**TO CLERK'S OFFICE**

**Petition on Supervised Release**
Page 2
RE: Cox, Linda

OFFENSE: Conspiracy to Distribute 100 Grams or More of Heroin, in violation of Title 21, U.S.C., Section 846.

SENTENCE: 72 months imprisonment, 4 years supervised release, and a $100 special assessment. The following special condition was imposed: 1) Defendant must participate in, and successfully complete, a program of mental health counseling and substance abuse testing and treatment at the direction of the probation officer, and waive all associated confidentiality in writing, in order to allow the probation officer to have access to defendant's records and communicate directly with defendant's counseling and treatment providers.

On March 25, 2016, the defendant appeared before the Court for revocation proceedings. The defendant was found in violation as she had incurred a new criminal charge for Possession of a Controlled Substance, and admitted to the illegal use of heroin and cocaine. The defendant's term of supervised release was revoked, and a 180-day term of imprisonment was imposed. It was further ordered that upon release from imprisonment, the defendant be placed on a 3-year term of supervised release subject to all of the previously imposed terms and conditions. It was additionally ordered that the defendant participate in, and successfully complete, a program of substance abuse testing and treatment at the direction of the probation officer.

On August 25, 2017, the defendant appeared before Your Honor for revocation proceedings. The defendant admitted to the alleged violations of failing to report to the office as instructed, failing to follow the instructions of the probation officer, illegally using cocaine and Suboxone, and possessing drug paraphernalia. The defendant's term of supervised release was revoked and she was sentenced to 80 days of imprisonment, to be followed by a new 3-year term of supervised release. As a special condition of supervised release, the defendant was ordered to successfully complete the Second Chance Offender Rehabilitation Effort (SCORE) program. Additionally, as the defendant was accepted into SCORE, it was ordered the defendant's sentence may be vacated when a bed became available at Demeter House (inpatient treatment program).

On February 9, 2018, the defendant appeared before Your Honor for revocation proceedings based on her failure to satisfactorily complete SCORE and substance abuse treatment. The defendant's term of supervised release was revoked and she was sentenced to 3 months imprisonment, to be followed by a 1-year term of supervised release. It was further ordered that the defendant be placed in Fairview Residential Reentry Center for 3 months upon her release from incarceration.

ADJUSTMENT TO SUPERVISION: Ms. Cox was released from BOP custody on March 29, 2018, to begin her term of supervised release. Ms. Cox reported directly to the Fairview Residential Reentry Center as required. Additionally, the defendant began substance abuse t and mental health treatment with the Community Connection Program while at the residential reentry center. On April 20, 2018, the defendant secured employment at Denny's in the District of Columbia. However, the defendant was terminated from her employment the same date for arguing with her manager.

VIOLATIONS: The following violation is submitted for the Court's consideration:

**Petition on Supervised Release**
**Page 3**
**RE: Cox, Linda**

| | |
|---|---|
| **SPECIAL CONDITION:** | UPON RELEASE FROM INCARCERATION THE DEFENDANT SHALL BE PLACED IN COMMUNITY CONFINEMENT FOR 3 MONTHS AT THE FAIRVIEW RESIDENTIAL REENTRY CENTER WHERE SHE MUST PARTICIPATE IN THE COMMUNITY CONNECTIONS PROGRAM AND/OR ANY OTHER DRUG AND SUBSTANCE ABUSE TREATMENT RECOMMENDED BY THE PROBATION OFFICER. |

On April 26, 2018, Ms. Cox left Fairview Residential Reentry Center and did not return to the program as required. To date, the program has not had any additional contact with the defendant and she has not returned to the program. Additionally, her counselor at the Community Connections Program reported she has not spoken to Ms. Cox, and cannot reach her by phone since she left Fairview on April 26, 2018. Furthermore, the defendant has not contacted the probation office to advise of her whereabouts.

The defendant has absconded from supervision, and has failed to participate in the Fairview Residential Reenty Center and Community Connections program as ordered by the Court.


DAG/cwc